[Cite as *In re A.O.*, 2014-Ohio-2277.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100619

# IN RE: A.O.
# A Minor Child

[Appeal by Cuyahoga County Division
of Children and Family Services]

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 13111613

**BEFORE:** Kilbane, J., Boyle, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** May 29, 2014

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
Timothy D. Smanik
Michelle A. Myers
Assistant County Prosecutors
3955 Euclid Avenue, Room 307-E
Cleveland, Ohio 44115

**ATTORNEY FOR APPELLEE**

**For Maternal Grandfather**

John H. Lawson
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio 44103

**Also Listed:**

**Guardian Ad Litem**

Pinkie Lue Clark
P.O. Box 93184
Cleveland, Ohio 44101

**Mother**

J.H.
24530 Yosemite Drive
Euclid, Ohio 44123

**Father**

R.O.
21671 Priday Avenue
Euclid, Ohio 44123

MARY EILEEN KILBANE, J.:

{¶1} Appellant Cuyahoga County Division of Children and Family Services ("CCDCFS"), appeals the trial court's decision ordering the minor child, A.O., into predispositional emergency temporary care and custody of CCDCFS and ordering CCDCFS to file a complaint for abuse, neglect, or dependency within 14 days and prepare a case plan within 30 days of its decision. For the reasons set forth below, we reverse and remand.

{¶2} The facts underlying this appeal involve a unique private custody situation, where CCDCFS advised A.O.'s maternal grandfather, K.H., to file an application under R.C. 2151.23(A)(2) to determine custody of A.O. (d.o.b. 10/3/09).[1] K.H. filed his application in Cuyahoga County Juvenile Court on August 13, 2013. The next day, A.O.'s parents, mother-J.H. and father-R.O., were sent a summons notifying them of the application. The court set the matter for an emergency hearing before a magistrate on October 23, 2013. The following evidence was adduced at the hearing.

{¶3} A.O. is the minor child of J.H. and R.O., and had been living with J.H. in K.H.'s home. K.H. filed his application with juvenile court, seeking legal custody of A.O. until her eighteenth birthday. In his motion, K.H. testified that CCDCFS told him to file this motion because the social worker had been to his house "a number of times for over the last year or so, and it was becoming clear that the County was going to step in

---

[1] R.C. 2151.23(A)(2) provides in pertinent part that: "[t]he juvenile court has exclusive original jurisdiction under the Revised Code * * * to determine the custody of any child not a ward of another court of this state[.]"

and make an attempt for custody. And I just thought it would be better if I do it, then if the County does it." CCDCFS had been involved with the family for approximately one year, assisting J.H. with her substance abuse problem. Despite these efforts, J.H. was unable to resolve her addiction. The CCDCFS social worker assisting the family testified that she had no concerns with A.O. being in K.H.'s home, and K.H. provides for her care and support. A.O.'s guardian ad litem also testified that there were no concerns regarding K.H.'s home. The guardian further testified that J.H. moved out of K.H.'s home, A.O. had an appropriate room of her own, A.O. was in daycare while K.H. was at work, and all of A.O.'s needs were met by K.H.

{¶4} It appears from the record the magistrate was concerned that J.H. and R.O.'s understanding of this private custody was not clear. The magistrate told them that the end result would be a permanent termination of all parental rights. The magistrate asked questions of J.H., R.O., and K.H. When asked by the magistrate, both J.H. and R.O. stated that they wanted A.O. to be in the legal custody of K.H. until A.O.'s eighteenth birthday.

{¶5} At the close of the hearing, the magistrate again expressed concern about the child and her parents' relinquishment of their parental rights, stating that J.H. and R.O. would become "visitors" in A.O.'s life until legal custody terminated on A.O.'s 18th birthday. The magistrate indicated her lack of understanding as to why CCDCFS did not file a complaint and a case plan with the goal of reunification. The magistrate felt that the current situation was not in A.O.'s best interest because her parents are trying to

resolve their substance abuse problems. As a result, the magistrate ordered that A.O. remain placed in K.H.'s home and in CCDCFS's emergency custody. The magistrate found that "there is probable cause for removal of the child pursuant to [R.C.] 2151.31."[2] The magistrate ordered that a complaint be filed within 14 days and a case plan be filed within 30 days.

{¶6} On November 4, 2013, CCDCFS moved to set aside and stay the magistrate's order. In its motion, CCDCFS stated it "has determined that there is no legal basis for filing a complaint in this matter [because] the child is not abused, neglected or dependent as defined by statute." CCDCFS further stated that the facts of the present case "do not support a claim of abuse, neglect or dependency. The child's needs are being met by the maternal grandfather who filed an application to determine custody." As a result, CCDCFS maintained that "the state had no interest in assuming custody because [K.H.] was meeting the obligations of the child's parents and no evidence was offered that abuse, neglect or dependency was present[.]" According to CCDCFS, the trial court overruled both motions on November 12, 2013.[3] CCDCFS then appealed to this court and sought a stay of the magistrate's order. We granted the stay on November 13, 2013. CCDCFS

---

[2]Under R.C. 2151.31(A)(3)(c), a child may be taken into custody by a duly authorized officer of the court when "[t]here are reasonable grounds to believe that a parent, guardian, custodian, or other household member of the child's household has abused or neglected another child in the household and to believe that the child is in danger of immediate or threatened physical or emotional harm from that person."

[3]In CCDCFS's brief and at appellate oral argument, CCDCFS indicated that the trial court overruled both motions. The record on appeal, however, does not include this entry.

now raises the following three assignments of error for review, which shall be discussed together for ease of discussion.

### Assignment of Error One

The trial court's order requiring CCDCFS to file a complaint violated the doctrine of Separation of Powers.

### Assignment of Error Two

The magistrate's order granting pre-dispositional emergency temporary care and custody of the child to CCDCFS is a violation of due process.

### Assignment of Error Three

The magistrate's order granting pre-dispositional emergency temporary care and custody of the child to CCDCFS is contrary to law and against the manifest weight of the evidence.

{¶7} The essence of CCDCFS's argument on appeal is that the trial court did not have authority to issue an order requiring CCDCFS to file a complaint in the instant case. We agree.

{¶8} We note that if a child is receiving proper care from relatives to whom the parent entrusted the child's care, the child is not a dependent child. *Johnson v. Johnson*, 10th Dist. Franklin No. 00AP-691, 2001 Ohio App. LEXIS 1294, *14 (Mar. 22, 2001), citing *In re Crisp*, 10th Dist. Franklin No. 80AP-678 (Feb. 5, 1981). Moreover, in situations where the parents voluntary place the child with a responsible relative, "'the state has no interest in assuming guardianship since the obligations of care, custody, and support are being met.'" *Johnson* at *16, quoting *In re Reese*, 4 Ohio App.3d 59, 446 N.E.2d 482 (10th Dist. 1982).

{¶9} In the instant case, K.H. filed an application to determine custody under R.C. 2151.23(A)(2), because CCDCFS advised him to do so. The Cuyahoga County Prosecutor's Office, on behalf of CCDCFS, represented to the trial court and to this court that after investigating and working with the family for approximately two years, A.O.'s needs were being met by K.H. The social worker and the guardian ad litem had no concerns with A.O. being in K.H.'s home, and testified that an emergency situation did not exist, K.H. was providing for A.O., K.H. had stable housing, J.H. moved out of the house, and A.O. was in daycare while K.H. worked. Furthermore, A.O.'s parents wanted K.H. to have legal custody of A.O. As a result, CCDCFS determined, within its discretion, that there was no legal basis for filing a complaint alleging the child is abused, neglected, or dependent, and advised K.H. to pursue a private custody action. The magistrate's motivation, while thoughtful, is outside of her authority. Therefore, based on the facts of this case, the court's decision ordering A.O. to the predispositional emergency care and custody of CCDCFS and ordering CCDCFS to file a complaint and a case plan is reversed.

{¶10} CCDCFS's argument is well taken.

{¶11} Judgment is reversed. The matter is remanded for further proceedings consistent with this opinion.

Costs waived.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
TIM McCORMACK, J., CONCUR